**MICHELIN ET CIE., Plaintiff,**

v.

**PUERTO RICO TIRE, INC., Defendant.**

**Civ. No. 187–68.**

United States District Court
D. Puerto Rico.

June 6, 1968.

Hartzell, Fernandez & Novas, San Juan, Puerto Rico, for plaintiff.

Fiddler, Gonzalez & Rodriguez, San Juan, Puerto Rico, for defendant.

## MEMORANDUM OPINION

CANCIO, Chief Judge.

The plaintiff in this action prays for the issuance of a writ of replevin for certain property and claims, on alternate grounds, that the attachment made by the defendant on certain property on March 20, 1968 was illegal on the basis that the same was abandoned by the defendant on said date.

At the outset, a short statement of the relevant incidents present in this case will serve as a basis for orientation.

On February 20, 1968, the defendant herein filed a complaint against the plaintiff, Michelin Et Cie., in the Superior Court of Puerto Rico, San Juan Section, wherein it alleges and claims that the unilateral and unjust termination of the exclusive dealership agreement has caused it damages in the amount of $1,398,839.00 *.

On March 14, 1968, Puerto Rico Tire, Inc. moved the Superior Court for an order authorizing an attachment to secure the satisfaction of the judgment ultimately to be entered in that case. Subsequently, on said date, the Superior Court entered an order authorizing the defendant herein, after a bond had been properly posted, to attach moneys due to Michelin Et Cie. and, also, tires belonging to the plaintiff in this case. Mr. Roberto Rosario was appointed by the Court custodian of said tires. On March 20, 1968, after Puerto Rico Tire, Inc. filed a bond in the amount of $75,000., the Superior Court ordered the Clerk to issue a writ of attachment addressed to the Marshal of the Court, ordering him to attach the above mentioned tires. After the attorneys for Puerto Rico Tire, Inc. designated the tires to be attached, the Marshal of the Superior Court presented the corresponding Court's papers to Mr. Jacques Vadon, President of Puerto Rico Tire, Inc., at 11:00 A.M., wherein he was informed by the Marshal that the tires which belonged to Michelin Et Cie. were being attached pursuant to an order of the Superior Court.

Two days before, the plaintiff in this case had filed a complaint in replevin. The plaintiff alleged in its complaint that it was the owner of certain personal property which was being wrongfully detained by the defendant in its premises located at 1125 Muñoz Rivera Avenue, Rio Piedras, Puerto Rico. It further alleged that said personal property was neither taken on an order or judgment of the Court against the plaintiff. Copies of the summons and complaint were not served upon the defendant until March 20, 1968, at 2:46 P.M. It was at this time that the U. S. Marshal requested from the President of the defendant corporation, that certain tires be delivered to him pursuant to the replevin which had been filed on March 18, 1968.

On March 27, 1968, the defendant herein filed a motion to dismiss the complaint in replevin on various grounds, to wit:

(1) That the defendant had never refused to return the property described in the complaint in replevin.

(2) That the property in question was already attached on March 20, 1968, at 2:46 P.M. and under the jurisdiction of

---

\* Michelin Et Cie. removed this case to the Federal Court on the 21st day of March, 1968, Civil No. 196–68.

the Superior Court of Puerto Rico, San Juan Section, pursuant to an order entered on March 18, 1968.

(3) That the defendant at no time had wrongfully detained the possession of the property here in dispute.

(4) That the complaint in replevin, being couched on the grounds that the defendant was wrongfully detaining the delivery and possession of the property in question, failed to state a cause of action against the defendant.

On the same date, counsel for the plaintiff gave further instructions to the Marshal of this Court to take possession of the property described in Exhibit 1 attached to the complaint in replevin. On March 28, 1968, the plaintiff filed a supplementary motion to the complaint in replevin. Although it admits that the property in dispute was being voluntarily delivered by Puerto Rico Tire, Inc. on March 19 and 20 respectively, it contends, however, that the property was never legally attached by the Marshal of the Superior Court of Puerto Rico, and, alternatively, that if the Marshal did attach the property on March 20 and/or March 21, 1968, said attachment was abandoned because the same was left in a place where other property than that attached was also on deposit, and, further, because the depositary appointed by the Superior Court had delivered the keys of the premises to Mr. Jacques Vadon, President of the defendant corporation. Hearings were held on April 5 and April 10, 1968.

Due consideration having been given to the pleadings and the evidence, together with exhibits and briefs of counsel on file, the Court enters the following findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure:

## FINDINGS OF FACT

### 1.

The plaintiff is a business entity organized under the laws of the Republic of France having its principal place of business in Clearmont-Ferrand (France) and is engaged in the manufacture of pneumatics for motor vehicles.

### 2.

The defendant is a corporation organized under the laws of the Commonwealth of Puerto Rico.

### 3.

On March 18, 1968, the representative of the plaintiff corporation, Mr. Lajonchere, and the President of the defendant corporation, Mr. Vadon, were discussing the arrangements to be made for the delivery of the tires here in dispute. Both parties agreed that these tires would be delivered to the plaintiff corporation in the morning of the following day.

### 4.

On March 19, 1968, the defendant corporation started to deliver and did deliver the tires to the plaintiff corporation, as per the agreement made on Monday.

### 5.

On March 20, 1968, the plaintiff corporation continued to load its trucks with tires. Two trips were made until approximately 11:15 A.M. At this time, the Marshal of the Superior Court showed the attachment papers to Mr. Lajonchere and informed him that he was going to attach the tires that were on consignment at the premises of Puerto Rico Tire, Inc., pursuant to the authorization given to him by the Superior Court of Puerto Rico in the case of Puerto Rico Tire, Inc. vs. Michelin Et Cie., Civil No. 68–10311. Mr. Roberto Rosario, the custodian appointed by the Superior Court, was also present at the premises of the defendant corporation.

### 6.

The Marshal of the Superior Court immediately started to make the inventory of the attached tires but the same was momentarily stopped when the Marshal and the depositary, Mr. Roberto Rosario, went to have lunch at approximately 1:30 P. M. There is no evidence on file to sustain that the Marshal and the deposi-

tary had any intentions to abandon the inventory that was being made on said attached tires.

### 7.

At 2:46 P. M. the U. S. Marshal served upon Mr. Vadon, President of the defendant corporation, copies of the summons and complaint. Mr. Vadon, in turn, said that he could not take possession of the tires, as these had been attached by order of the Superior Court and, thus, were in *custodia legis*. On March 27, 1968, the U. S. Marshal *again* tried *to* take possession of the tires, but Mr. Vadon did not comply with the Marshal's request on the grounds that the tires were in *custodia legis*.

### 8.

Notwithstanding the conflicting testimony of the various witnesses, this Court finds that the depositary had a set of keys to the warehouse where the attached properties were being kept and that Mr. Vadon had another set of keys to be used only in case of emergency.

### 9.

The attached properties were being kept in a warehouse at the premises of the defendant corporation and the same were separated and properly identified from the auto parts that were also being kept in the same warehouse.

## CONCLUSIONS OF LAW

### 1.

This Court has jurisdiction over this matter pursuant to 48 U.S.C. § 863.

### 2.

■ Jurisdiction over the person of the defendant has been properly obtained. The present action in replevin is governed by sections 811 et seq. of the Code of Civil Procedure (32 L.P.R.A. § 811 et seq.), and more specifically, section 812, which provides as follows:

* * * "When a delivery is claimed, an affidavit must be made by the plaintiff, or by some one in his behalf, setting forth:

1. That the plaintiff is the owner of the property claimed, particularly describing it, or is entitled to the possession thereof.

2. *That the property is wrongfully detained by the defendant.*

3. The alleged cause of the detention thereof, according to his best knowledge, information and belief.

4. That it has not been taken for a tax, assessment, or fine, pursuant to a statute, or seized under an execution or an attachment against the property of the plaintiff; or if so seized, that it is by statute exempt from such seizure.

5. The actual value of the property.—Code Civil Proc., 1933, section 171". [Emphasis supplied]

The above said provision indicates that the remedy of replevin lies only after the five listed requirements are met. Additionally, the plaintiff has to prove that the above circumstances actually existed at the time the complaint in replevin was filed. Cortés & Segura, Inc. v. Cortés, 40 P.R.R. 525, 536. The Supreme Court of the Commonwealth of Puerto Rico has left no doubt in its decisions that in an action to replevin the plaintiff must prove that the defendant was wrongfuly detaining the property at the time the action was filed. In the *Cortés* case, the Court stated the rule of law which must be applied in this suit, at pages 529 and 536:

"The present action has been prosecuted under sections 170 et seq. (811 et seq. of the 933 code) of the Code of Civil Procedure and it was incumbent, therefore, upon the plaintiff to show (1) its ownership of the property claimed, and (2) *wrongful detention of the property by the defendant* * * *

In Ruling Case Law (vol. 23, p. 23), it is said: "Generally speaking, in an action of replevin, the right to the possession of the property *at the time suit is brought is the only matter in controversy, and the only question that can be tried and decided therein*". And further (page 24):

"The burden of proof is upon the plaintiff in replevin to show *that at the time of the commencement of the action he was the owner,* that he was entitled to the immediate possession of the property, and that *the defendant wrongfully detains it*". [Emphasis supplied]

After analyzing the evidence presented, the Court concluded that since the property was not being wrongfully withheld by the defendant when the complaint was filed, no cause of action existed against the defendant. On page 533 the Court expressed: "That being so, it must be concluded that when the complaint was filed no cause of action existed against the defendant, since the possession of the property claimed was not withheld by him wrongfully".

The doctrine of the *Cortés* case was reiterated in the case of Cia. Ron Carioca v. Miller, 64 P.R.R. 1, 4.

■ Applying the facts of this case to the above test, this Court concludes that the complaint in replevin must be dismissed for failure to state a cause of action against the defendant. The plaintiff did not establish that the defendant corporation was wrongfully detaining the tires on March 18, 1968.

3.

■ Alternatively, this Court concludes that the attachment made by the defendant corporation on March 20, and March 21, 1968 was valid in all respects. No authorities have been cited by the plaintiff to substantiate that an attachment is abandoned because the Marshal and the depositary interrupted the inventory of the attached goods during lunch time. The plaintiff has not cited any authorities that would indicate that an attachment is abandoned because the party interested in the attachment keeps a set of keys to the warehouse where the goods are kept. It must be remembered that the defendant is liable to the plaintiff for any damages caused to the attached goods. It is, therefore, very common that the owner of the warehouse maintains access to the same in an emergency situation, such as fire or floods.

■ The real bone of contention in these cases is whether the custodian of the attached property has left the attached chattels at the hands of an adverse party, or whether it has allowed a third party to take possession of the same. The record indicates that the parties that were acting in behalf of the defendant corporation never gave up their possession to the attached tires. Therefore, this Court concludes that the facts here are sufficient to sustain that the attachment made was legal. cf. Oronoz v. Alvarez, 23 P.R.R. 497, 498.

4.

■ There is a valid attachment on the tires that were physically transferred from the premises of Atlantic Tire Corp. to the warehouse of the defendant corporation on March 20, 1968. Also, the tires that were physically transferred on March 21, 1968 from the premises of Atlantic Tire Corp. to the premises of Puerto Rico Tire, Inc. and placed in the warehouse were and still are the subject of said attachment. This is so by reason of the rule that all state proceedings conducted prior to the removal of the Federal Court are valid notwithstanding such removal. cf. 28 U.S.C. § 1450; Moore's Federal Practice, 2nd ed., vol. 1A, at pages 1401 et seq. Upon removal, the Federal Court takes control of the attachment up until the same stage as it was when the state Court lost its jurisdiction by reason of said removal. cf. Moore's Federal Practice, op. cit., at pages 1401 et seq., note 2 and case cited therein. At no time the defendant has alleged that the attachment made covers those tires that were left at the premises of Atlantic Tire Corp. Once the petition for removal was filed, the Marshal of the Superior Court had to abandon the inventory of those tires. If he would have acted differently, he would have acted in contempt of this Court. Therefore, those tires which had to remain in the premises of Atlantic Tire Corp. have never been made part of this attachment.

5.

The plaintiff is not entitled to the relief sought; defendant is entitled to judgment dismissing plaintiff's action on the merits and upholding the validity of the attachment in all respects.

